UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREDRICK HERROD, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. A-18-CV-503-LY |
| JANELLE MURPHY, BETTY | § | |
| DELGADO, DEBBIE SELF AND | § | |
| MANAGEMENT AND TRAINING | § | |
| CORPORATION, | § | |
| *Defendants* | § | |

# O R D E R

Before this Court are Plaintiff's Motion for Court to Deny Defendants' Request for Copies and Records from the Legal Connection, Inc., filed July 17, 2019 (Dkt. No. 4); and Defendants' Response to Plaintiff's Motion for Court to Deny Defendants' Request for Copies and Records from the Legal Connection, Inc., filed October 28, 2019 (Dkt. No. 11). On October 30, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On December 15, 2017, *Pro Se* Plaintiff Frederick Herrod ("Plaintiff") filed this lawsuit in state court against Management and Training Corporation ("MTC"), a corporation which manages private prisons and facilities in Texas, and Janelle Murphy, Betty Delgado, and Debbie Self, officials of MTC (collectively, "Defendants"). Although not entirely clear from his Petition, Plaintiff alleges that while he was housed as a parolee at the Thomas R. Havins Unit, a pre-release facility, in Brownwood, Texas, Defendants denied him access to a substance abuse treatment program, in violation of his federal and state constitutional rights, the Texas Government Code, and Texas Department of Criminal Justice ("TDCJ") disciplinary rules. On June 15, 2018, Defendants removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

On May 20, 2019, Defendants issued a Subpoena and Notice of Intention to Take Deposition by Written Questions ("Subpoena") for the production of Plaintiff's criminal records from the TDCJ. On June 11, 2019, the Legal Connection, Inc. served the Subpoena on Plaintiff. After Plaintiff failed to timely object, the responsive documents were provided to Defendants on July 11, 2019. On July 17, 2019, Plaintiff filed this Motion objecting to the production of his criminal records, arguing that his criminal records are not relevant to the issues in this lawsuit.

Plaintiff's Motion is without merit. The Motion is untimely under Federal Rule of Civil Procedure 45 because Plaintiff failed to file objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B); *see also Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 576 (5th Cir. 2016) (finding objections to subpoena untimely under Rule 45 where party waited 40 days to file any objections). In addition to being untimely, Plaintiff's Motion also is now moot as the TDCJ has already complied with the Subpoena. If Plaintiff wishes to challenge the relevance of his criminal records, he may do so during the trial in this case.

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Court to Deny Defendants' Request for Copies and Records from the Legal Connection, Inc. (Dkt. No. 4). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. Accordingly, Plaintiff's request for a hearing also is **DENIED**.

**SIGNED** on November 15, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE