UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| FREDRICK HERROD, | § | |
| --- | --- | --- |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 1:18-CV-503-LY |
| | § | |
| JANELLE MURPHY, BETTY DELGADO, DEBBIE SELF, AND MANAGEMENT AND TRAINING CORPORATION, | § § § § | |
| *Defendants* | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before this Court are Defendants' Motion for Summary Judgment, filed February 28, 2020 (Dkt. No. 17); Plaintiff's Motion for Judgment in Favor of the Plaintiff, filed March 16, 2020 (Dkt. No. 20); and Defendants' Response to Plaintiff's Motion for Judgment, filed March 27, 2020 (Dkt. No. 23). On March 18, 2020, the District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

On July 29, 2000, Plaintiff Fredrick Herrod was convicted of robbery and possession of cocaine in Dallas County Criminal District Court, and was sentenced to 45 years in prison. Dkt. No. 17-2. On June 28, 2017, after serving seventeen years of his sentence, Plaintiff was transferred to an In-Prison Therapeutic Community Program ("IPTC Program") at TR Havins Unit in Brownswood, Texas, which is operated by Defendant Management Training Corporation ("MTC"). Plaintiff's projected discharge date from the IPTC Program was December 28, 2017.

On October 30, 2017, Plaintiff failed to obey an order from a Texas Department of Criminal Justice ("TDCJ") Officer "to sit up and provide identification in his bunk to an inspecting officer"[1] and was written up for a Level 2 offense, Code 24, for "refusing or failing to obey orders." *See* 10/30/17 Offense Report, Exh. A-1, Dkt. No. 17-1. The next day, Plaintiff was involved in another verbal altercation with a TDCJ officer and received another Level 2 violation, Code 23, for "creating a disturbance." *See* 10/31/17 Offense Report, Exh. A-2, Dkt. No. 17-1.

On November 2, 2017, MTC held a "treatment team meeting" ("Treatment Meeting") to discuss Plaintiff's privileges and whether he should be removed from the IPTC Program based on his multiple minor infractions. Exh. A, Dkt. No. 17-1. At the conclusion of the Treatment Meeting, MTC recommended that Plaintiff receive a 30-day extension of the IPTC Program rather than complete removal. *Id.* That same day, TDCJ held a disciplinary hearing on the above incidents. Exh. A-1, Dkt. No. 17-1 at 3; Exh. A-2, Dkt. No. 17 at 3. At the conclusion of the hearing, Plaintiff was found guilty of both offenses. He received a 15-day loss of recreation and commissary for the first offense, and a 30-day loss of recreation and commissary and 15 hours of extra work for the second offense. *Id.* Plaintiff also was placed in treatment separation for the violations.

On November 9, 2017, Plaintiff filed a grievance with MTC, alleging that MTC had violated TDCJ's Disciplinary Rules and Procedures for Offenders because Plaintiff's parole officer was not present at the Treatment Meeting. Dkt. No. 3 at 39-40. On November 16, 2017, MTC denied the grievance and notified Plaintiff that the presence of a parole officer at treatment meetings is "optional," and thus no rules or procedures were violated. *Id.* at 42. On November 17, 2017, Plaintiff filed another grievance with MTC, reasserting his complaint that his parole officer was not present at the Treatment Meeting. *Id.* at 46.

---

[1] Dkt. No. 17 at 2.

On November 22, 2017, Plaintiff's 30-day treatment plan extension ended early, and he continued his treatment in the IPTC Program. On January 25, 2018, Plaintiff completed the IPTC Program and was released from the TR Havins Unit. Plaintiff remains on probation related to his original sentence.

On December 15, 2017, Plaintiff filed this lawsuit in state court against MTC; Janelle Murphy, Director of the IPTC Program; Betty Delgado, Assistant Director of the IPTC Program; and Debbie Self, an MTC counselor ("Defendants"). *Herrod v. Murphy*, D-1-GN-17-006947 (261st Dist. Ct., Travis County, Tex. Dec. 15, 2017), Dkt. No. 3 at 29-37. Plaintiff claims that the failure to allow his parole officer to be present at the Treatment Meeting violated his due process rights under the Fourteenth Amendment to the United States Constitution, his due process rights under the Texas Constitution, Texas Government Code § 494.002, and TDCJ Disciplinary Rules and Procedures. On June 15, 2018, Defendants removed the case to federal court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a). In their Motion for Summary Judgment, Defendants argue that the applicable rules and regulations do not require the presence of a parole officer at a treatment meeting, and that all of Plaintiff's claims fail as a matter of law.

## II. Legal Standards

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving

3

party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. Applicable TDCJ Rules and Regulations

Plaintiff alleges that Defendants violated TDCJ Disciplinary Rules and Procedures PD/pop-3.8.1 and GR-106 by failing to have a parole office present at the Treatment Meeting. The summary judgment evidence, however, shows that these regulations are inapplicable to team treatment meetings such as the one at issue. As Janelle Murphy explained in her uncontroverted affidavit, Pop-3.8.1 and GR-106 are meetings held by TDCJ, not MTC, and those regulations do "not apply to meetings conducted to consider termination or extension of an offender in the IPTC program related to multiple minor infractions." Dkt. No. 17-1 at ¶¶ 15-16.

The summary judgment evidence shows that the Treatment Meeting was governed by TDCJ Substance Abuse Treatment Operating Manual ("SATOM") No. 4.06,[2] which does not require the presence of a parole officer. *Id.* at ¶¶ 9, 15. SATOM No. 4.06 specifically states that the "Treatment Team" includes only "the Warden or designee, the Program Director or designee, the Transitional Coordinator, the offender (unless the offender is not on the Unit or his or her presence would pose a security risk), and a representative of the unit medical staff." Dkt. No. 17.1 at 18. A parole officer is not considered part of the Treatment Team. *Id.* Accordingly, Plaintiff has failed to show that the Treatment Meeting violated SATOM No. 4.06.

In Plaintiff's Motion for Judgment in Favor of the Plaintiff, Plaintiff argues that Defendants' "perjured testimony" proves that the Treatment Meeting was not a team treatment meeting subject to SATOM No. 4.06. Dkt. No. 20 at 2. Plaintiff is referring to a statement in the original affidavit of Janelle Murphy, which states that the Treatment Meeting occurred *after* the TDCJ disciplinary hearing on November 2, 2017. Murphy Affidavit, Dkt. No. 17-1 at ¶ 9 ("Later that same day, a treatment team meeting was held to discuss Plaintiff's potential removal or extension of the IPTC program due to multiple infractions received."). Defendants maintain that this was simply a typographical error, and submitted an amended affidavit correctly stating that the Team Meeting occurred before the TDCJ disciplinary hearing. *See* Dkt. No. 22.

Regardless, Plaintiff fails to explain how the timing of the Treatment Meeting demonstrates that the meeting was not subject to SATOM No. 4.06. Plaintiff simply asserts that the "perjured testimony" of Janelle Murphy "proves that the Treatment Team Meeting that the Defendants claim that they constructed under . . . SATOM 4.06[ ] was not in fact a Treatment Team Meeting under

---

[2] Dkt. No. 17.1 at 18-22.

5

that Policy." Dkt. No. 20 at 2. Conclusory allegations and unsubstantiated assertions are not competent summary judgment evidence. *See Turner*, 476 F.3d at 343. Plaintiff has failed to come forward with any competent summary judgment evidence to show that the Treatment Meeting was not subject to SATOM No. 4.06.

Based on the foregoing, Plaintiff has failed to show that the Treatment Meeting violated SATOM No. 4.06, or any other applicable rule or regulation.

### B. Texas Government Code § 494.002

Plaintiff alleges that Betty Delgado violated Texas Government Code § 494.002(a) by holding the Treatment Meeting without the presence of a parole officer. Plaintiff's reliance on § 494.002(a) is misplaced because that statute delegates the Director of the TDCJ to adopt policies for inmates.[3] Delgado is not the Director of TDCJ, but rather the Assistant Director of the IPTC Program at Havins Unit. Plaintiff fails to explain how Delgado could have violated § 494.002(a).

### C. Due Process

In addition to alleging that Defendants violated their own rules and regulations, Plaintiff argues that the failure to have a parole officer present at the Treatment Meeting violated his due process rights under the Fourteenth Amendment to the United States Constitution and the Texas Constitution.[4]

---

[3] Section 494.002(a) specifically provides: "The director of the institutional division may adopt policies governing the humane treatment, training, education, rehabilitation, and discipline of inmates and may arrange for the separation and classification of inmates according to the inmates' sex, age, health, corrigibility, and type of offense for which the inmate was sentenced to the institutional division." TEX. GOV'T CODE ANN. (West 1995).

[4] Because there is no meaningful distinction between the "due course of law" guarantee under the Texas Constitution and the Due Process Clause of the United States Constitution, courts apply the same federal constitutional law to both. *See Mosley v. Texas Health & Human Servs. Comm'n*, 593 S.W.3d 250, 264 (Tex. 2019); *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

Even if Plaintiff had shown that Defendants violated TDCJ rules and regulations by failing to have Plaintiff's parole officer present at the Treatment Meeting, he has failed to show a violation of his constitutional due process rights. "[E]ven if an action by a government entity violates its own rules or those of the state, there is no *constitutional* deprivation unless the conduct also trespasses on federal constitutional safeguards." *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir. 1988).

As explained by the Fifth Circuit Court of Appeals: "The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citation omitted). Because Texas prisoners have no constitutionally protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. *Id.* Because Plaintiff has no liberty interest in obtaining parole in Texas, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also Padilla v. Davis*, 2020 WL 1854526, at *3 (W.D. Tex. Apr. 13, 2020) ("Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions."). Accordingly, Defendants are entitled to summary judgment.

### IV.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment (Dkt. No. 17) and **DISMISS** Fredrick Herrod's lawsuit in its entirety. The Court **FURTHER RECOMMENDS** that Plaintiff's Motion for Judgment in Favor of the Plaintiff (Dkt. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 14, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE